[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present action is an appeal from the decision of the Probate Court for the District of Montville, approving the sale of certain real property of the estate of Lucille A. Utz to Lucille A. Awezec for the amount of $55,500. The plaintiff, Peter Utz, asserts that the Probate Court issued an order to the administratrix of the estate on June 1, 1994, that the property was to be placed on the market for a period of two months for any interested parties to submit offers, and that this period was to run from the date of the order. The plaintiff goes on to allege that, within this two month period, he submitted an offer of $55,000 for the property, that, after being informed of the amount of the plaintiff's offer by the administratrix, defendant Awezec submitted an offer of $55,500, that the plaintiff offered to pay any price for the property that would net the estate $500 more than any other offer after all costs and fees had been paid at the hearing to approve the sale to Awezec on September 7, 1994, but that the Probate Court rejected this offer as untimely. The plaintiff claims that he was not afforded procedural due process in the obtaining of the bids on the property, in that the Probate Court failed to acknowledge and act upon his higher offer and that the court did not accept the best offer.
The court shall render summary judgment "forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . ."Home Insurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, CT Page 5261-FFFFFF 202, 663 A.2d 1001 (1995). Since a material issue of fact remains in the present case, summary judgment is inappropriate. Id.
The plaintiff avers in his affidavit in opposition to summary judgment that, at a hearing unrelated to the sale of the property, the Probate Court judge stated that the two months within which the administratrix was authorized to accept offers to purchase the property was to run from the date of the probate court's original order, June 1, 1994. (Plaintiff's Brief, Affidavit of Peter Utz, ¶¶ 3-4). The defendant has presented no evidence to support a contrary conclusion. The plaintiff further avers that he submitted his offer of $55,000 on or about July 15, 1994, but that, in violation of its own order, the court accepted the offer of $55,500 made by Awezec on August 14, 1994, fourteen days beyond the established two month period. (Affidavit of Peter Utz, ¶¶ 5, 7).
A review by this court of the copies of the June 1, 1994, decree ordering the property to be placed on the market and the certified copy of the September 8, 1994, decree approving the sale the court is not able to determine whether the probate court intended its order to run two months from June 1, 1994 or two months from the date on which the administratrix entered into a listing agreement.
The plaintiff's averment and affidavit to the effect that the Probate Court violated its own order is sufficient to create a material issue of fact. Home Insurance Co. v. Aetna Life Casualty Co., supra, 235 Conn. 202.
The defendant's motion for summary judgment is denied.
Walsh, John F., J.